[Civ. No. 22458.   Second Dist., Div. One.   Aug. 12, 1957.]

REALTY COMPANY OF AMERICA, INC. (a Corporation), Appellant, v. L. W. COFFEE et al., Respondents.

L. W. COFFEE et al., Respondents, v. E. L. REMER et al., Appellants.

Wolver & Wolver for Appellants.

Avery M. Blount and Edward S. Cooper for Respondents.

FOURT, J.—This proceeding involves a motion by the respondents to dismiss the appeal on file herein for the reason, among others, that the appeal has not been perfected within the time prescribed by the Rules on Appeal.

*Assigned by Chairman of Judicial Council.

The record reveals that the case was tried in the superior court and a judgment therein was entered on April 27, 1956; notice of entry of judgment was filed with the clerk of the superior court on May 3, 1956, and notice of appeal was filed July 3, 1956. At the time of filing the notice of appeal, appellants made a request for a clerk's transcript and a reporter's transcript on appeal. On August 8, 1956, the appellants were advised by the clerk that a deposit of $1,130 was required by the clerk. In that the clerk, in his demand, referred to the notice of appeal, counsel for appellants assumed that such sum included all charges of the clerk for the preparation of the instruments and documents requested at the time of the filing of the notice of appeal. On August 9, 1956, appellants caused to be deposited with the clerk the amount demanded, and thereafter, on November 30, 1956, received back from the clerk a refund of $230.60. After the receipt of such refund, the reporter's transcript, consisting of three volumes, was delivered to counsel for appellants. Counsel assumed that there would subsequently thereto be delivered to him a clerk's transcript. After several weeks had gone by inquiry was made of the clerk's office with reference to the clerk's transcript, and counsel was told by a representative of the clerk's office "often times the preparation of the same is delayed and that he could assume that the same would shortly thereafter be delivered." Later the clerk's office was again contacted by counsel and he was told that an inquiry would be made into the matter.

In the middle of January, 1957, another inquiry was made by counsel, as were others, and finally it was ascertained about January 30, 1957, that the clerk of the trial court had neglected to retain the funds for the preparation of a clerk's transcript in the approximate amount of the refund of November 30, 1956. A deposit was made forthwith by counsel for the appellants, and the clerk's transcript was thereafter prepared. The certificate on the clerk's transcript indicated that it was completed April 1, 1957.

The clerk's transcript and the reporter's transcript were filed with the clerk of this court on May 2, 1957. On July 3, 1957, a notice by the clerk under rule 17(a) of the Rules on Appeal was mailed to the attorney for the appellants. At the time of the hearing of the motion to dismiss the appeal, namely on July 23, 1957, 30 days had not elapsed from the date of the notice by the clerk under rule 17(a). Counsel for

appellants stated in his affidavit, in answer and opposition to the motion to dismiss, that he would have the opening brief on file in this court before the expiration date of August 2, 1957.

It is clear that the delay or default in this matter, in the first instance, was brought about by the clerk of the trial court, and appellants should not, under the circumstances, suffer for derelictions not of their own making. True it is that diligence is required by an appellant to see to it that the record on appeal is prepared properly and timely, but in this instance the appellants repeatedly made inquiries of the trial court clerk as to the preparation of the clerk's transcript.

It is preferable, of course, that appeals be heard on their merits, and to that end the Rules on Appeal provide that such rules "shall be liberally construed to secure the just and speedy determination of appeals. . . ." (Rule 53(a), Rules on Appeal.)

The notice of appeal in this instance was timely filed, and as to other matters the reviewing court "for good cause may relieve a party from a default occasioned by any failure to comply with these rules. . . ." (Rule 53(b), Rules on Appeal.)

Under the circumstances, we are inclined to relieve the appellants from any default, if such there be, and to deny the motion to dismiss the appeal.

Motion to dismiss the appeal is denied.

White, P. J., and Drapeau, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.